**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                        No. 99-4821

JAMES ALEXANDER SMITH, III,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
G. Ross Anderson, District Judge.
(CR-99-269)

Submitted: April 20, 2000

Decided: May 12, 2000

Before WIDENER, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John Delgado, Columbia, South Carolina, for Appellant. Harold W.
Gowdy, III, OFFICE OF THE UNITED STATES ATTORNEY,
Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James A. Smith appeals from a sentence of twenty-seven months' imprisonment imposed following his guilty plea for possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (1994). Smith's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal but addresses the following issue: whether the district court's denial of an additional one-level downward adjustment for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1(b)(2) (1998) constituted clear error. Although advised of his right to do so, Smith has not filed a pro se supplemental brief. We affirm.

A court may reduce by two levels the offense level of a defendant who "clearly demonstrates acceptance of responsibility for his offense." USSG § 3E1.1(a). A three-level reduction is available under § 3E1.1(b) to a defendant who (1) timely provides complete information to the government about his own involvement in the offense, or (2) timely notifies the government that he intends to plead guilty, thus saving the government the effort of trial preparation and also saving the court's time. The district court's denial of a reduction under § 3E1.1 cannot be disturbed unless clearly erroneous. See United States v. Cusack, 901 F.2d 29, 31 (4th Cir. 1990).

We have reviewed the transcript of the sentencing hearing, the arguments presented by both parties, and the district court's reasoning in its denial of the additional one-level downward adjustment, and find no clear error in the district court's decision. Accordingly, we affirm Smith's sentence.

We have examined the entire record in this case in accordance with the requirements of Anders, and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Coun-

2

sel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3